(21 Misc. Rep. 661.)

HAAS v. STORNER.

(Supreme Court, Appellate Term.  November 24, 1897.)

ADMISSIONS AGAINST INTEREST—SECONDARY EVIDENCE.
    Upon a trial, defendant was asked to look at a certain paper shown her,
    and state whether it was not a letter-press copy of an agreement she had
    signed.  Her counsel objected to this as not the best evidence, claiming
    that the original should be produced.  The court having overruled the objec-
    tion, she answered in the affirmative, and identified the signature as her
    own.  The paper was thereupon admitted in evidence over defendant's ex-
    ception.  *Held*, that her admission of the facts made the evidence primary
    in its nature, and bound her as an admission against interest, for she could
    not thereafter insist that her rights had been prejudiced by the refusal to
    require the production of the original.

Appeal from Fifth district court.
    Action by Charles Haas against Anna C. Storner.    From the judg-
ment, defendant appeals.    Affirmed.
    Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Emanuel Jacobus, for appellant.
Louis Cohen, for respondent.

McADAM, J.    The action is by the assignee of Louis Cohen, an
attorney and counselor at law, to recover for professional services
rendered by the latter in the defense of an action brought by John
Tierney against John Miller, a stepson of the defendant, and for dis-

bursements incurred in such defense.    It appears that the defendant
had placed Miller in charge of her real property, and that the action
by Tierney was for an assault alleged to have been committed by
Miller while attending to his duties as agent about the property.
Prior to the beginning of that suit, the defendant called upon the
plaintiff's assignor, and stated that she was about to go to Europe;
that she had placed her stepson in charge of her property; and that
anything he wanted done during her absence the plaintiff's assignor
should do for him, and charge the expense to her.    Acting on this
authority, and on the credit of the defendant, the plaintiff's assignor
performed the services and expended the money for which the claim
is made.    While the Tierney suit was pending, an account was stated
between the plaintiff's assignor and the defendant, wherein and where-
by all matters of difference between them were settled and adjusted
at $175, which sum was expressly stated to be exclusive of the attor-
ney's charges in the action.    This evidence was sufficient to warrant
the justice in finding that the services rendered and the expenditures
made were authorized by the defendant, and that, when they were
concluded, they were to be paid for by her.    Upon the trial of this
action the defendant was interrogated respecting the settlement and
the fact that the charges in the Tierney suit were to be left open upon
its conclusion.    She was asked whether she had not received a certain
paper (referring to the account stated) from the plaintiff's assignor,
and to look at a paper shown her, and state whether it was not a letter-
press copy of the paper she signed.    The defendant's counsel objected
to this as not the best evidence, claiming that the original should be
produced.    The court overruled the objection, and the defendant an-
swered that the paper was a letter-press copy of the agreement she
signed, and that she identified the signature thereto as her hand-
writing.    The paper was thereupon admitted in evidence over the
defendant's exception.    The ruling is assigned as error, and the
appellant's counsel calls our attention to Foot v. Bentley, 44 N. Y. 166,
in which the court, at page 170, said:

"The remaining question arises upon the exception taken to the admissibility
of the letter-press copies of the plaintiff's letters addressed to the defendants.
We are of opinion that they were not in any sense original papers, and were, in
their character, copies to the same extent that other copies carefully compared
would have been, neither of which could be read in evidence without first giving
notice to produce the originals; and hence, in our judgment, the exception was
well taken, and the judgment must, for that reason, be reversed."

It will be observed that, in the case cited, the papers admitted were
letter-press copies of the plaintiff's letters to the defendant.    In this
instance the paper admitted was a letter-press copy of an agreement
signed by the defendant, and the defendant herself, while upon the
stand, admitted that it was a true copy of the original paper which
she had signed.    This certainly bound the defendant as an admission
against interest, and made the evidence primary in its nature.    The
defendant, after admitting these facts, could not insist that her rights
were in any manner prejudiced by the refusal to require the production
of the original writing; and the objection that the original was not
produced, or that notice for its production was not given, is purely

technical, affecting form, and not substance. The case is thus distinguishable from Foot v. Bentley, which is inapplicable.

The judgment accords with substantial justice, is fully sustained by the proofs, and must be affirmed, with costs. All concur.